Dear Chief Savoie:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. Your request indicates that the Calcasieu Parish Ward 4 Fire District 2 approved a 3.4% raise for all of its employees in its budget for the year 2006. However, due to the uncertainty of repairs to stations, reimbursement from FEMA, and other concerns, the Board of Commissioners decided to not give the raises at the beginning of the year, but instead made a commitment to give the raises retroactive to the beginning of the year, provided funds were available.
On September 13, 2006, the Board of Commissioners voted to give the retroactive raises to all employees due to the fact that nearly all repairs were completed and between insurance and FEMA, the district was able to recoup most of its expenses. You have asked for our opinion on whether the award of these retroactive pay raises would be considered a bonus, and therefore illegal.
The question presented must be addressed in light of Louisiana Constitution Article VII, Sec. 14 (A), which provides in pertinent part,
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivisions shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
This office has consistently opined that payments of gratuitous unearned payments to public employees or officials are prohibited, as the same are tantamount to donations. See Attorney General Opinions 92-295, 92-282, 89-190, 88-344, 96-639, 83-940A, 81-1329 and 80-806. We also note that various attempts to disguise constitutionally prohibited extra compensation for past services rendered and recompensed were found improper. Notwithstanding, this office recognizes that Louisiana Constitution Article VII, Sec. 14 (A) does not prohibit the retroactive payment of earned compensation provided the payment of the compensation is not specifically prohibited by law. See generally Attorney General Opinion Nos. 97-394, 95-323, 95-165A, 94-241, 78-1526. *Page 2 
Our Office addressed a somewhat similar scenario in Attorney General Opinion No. 00-67. In Opinion No. 00-67, Jefferson Parish implemented a Parish Employee Pay Plan which provided for the payment of retroactive wages. Under the facts presented to our office, we opined that Jefferson Parish could retroactively pay wages to its public employees. In reaching our opinion, we were guided by the test articulated in Attorney General Opinion 95-323, which stated,
 "[t]he test for determining the constitutionality of a particular payment to a public officer or employee is whether the payment is made out of a motive of beneficence solely to enrich the officer or employee, or whether the payment is deserved and made as recompense for valuable service rendered, for which the officer or employee was not adequately paid". Attorney General Opinion. No. 95-323.
In addition to the test articulated in Attorney General Opinion No. 95-323, the recent Louisiana Supreme Court decision in The Board ofDirectors of the Industrial Development, Board of the City of Gonzales,Louisiana, Inc. v. All Taxpayers, property owners, citizens of the Cityof Gonzales, et al., 2006 WL 2548480 (La.), 2005-2298 (La. 9/6/06) is of importance. In City of Gonzales, the Louisiana Supreme Court articulated a new standard for determining whether an expenditure of public funds violates Article VII, Section 14.
Previously, the Louisiana Supreme Court adhered to the rule that Article VII, Section 14 is violated "whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so". However, in City of Gonzales, the Louisiana Supreme Court found that standard to be an "unworkable and incorrect interpretation of La. Const. art. VII, Section (A)". Accordingly, the court articulated a new standard which effectively holds that Article VII, Section 14 is violated "only when the public funds or property are gratuitously alienated".
Such a determination ultimately depends on the circumstances and essentially is a factual determination. As a general rule, the Attorney General's Office refrains from conducting factual evaluations. However, we do note that the Parish Employee Pay Plan established by Jefferson Parish and the retroactive pay raises proposed by the Calcasieu Parish Ward 4 Fire District 2 appear to be undertaken for the same purposes. Thus, as opined in Attorney General Opinion No. 00-67, your proposed retroactive payment of wages appears to be acceptable.
However, since the proposed retroactive payments involve an award of monies to public employees or officials, this office recommends that you also obtain an opinion on the legality of any award from the State Board of Ethics. *Page 3 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY:__________________________
 MICHAEL J. VALLAN
 Assistant Attorney General